United States District Court
Southern District of Texas
**ENTERED**
September 04, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| STAFFACTORY, LLC, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-04796 |
| | § | |
| VISA SOLUTIONS HEALTHCARE, LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before me is a motion to strike or limit the testimony of Ronald G. Hoppe filed by Defendant Visa Solutions Healthcare, LLC. *See* Dkt. 102. Having reviewed the briefing, the record, and the applicable law, the motion is granted in part and denied in part.

## BACKGROUND

This is a breach of contract case. Plaintiff Staffactory, LLC specializes in recruiting healthcare professionals. Visa places qualified healthcare candidates in long-term employment positions.

In October 2021, the parties entered into a Recruitment Services Agreement (the "Agreement"). Under the Agreement, Staffactory recruits nurses internationally and submits qualified candidates to Visa with the goal of having the submitted candidates employed by healthcare facilities in the United States. In discussions leading up to the Agreement's formation, Staffactory alleges that Visa made inaccurate representations regarding, among other things: (i) how many nurses Visa could place in U.S. healthcare facilities; (ii) Visa's experience with international nurse recruiting; (iii) contracts Visa had with other international recruiting companies; and (iv) how quickly submitted candidates could expect to start work in U.S. healthcare facilities after being accepted into Visa's program. Staffactory alleges that Visa's false representations and nondisclosures induced

Staffactory to enter into the Agreement. Both parties contend that the other party breached the Agreement.

Staffactory has designated Ronald Hoppe to testify as an expert witness at trial. Hoppe has prepared an expert report laying out his opinions, specifically regarding Visa's "organizational structure and processes," its "pipeline of candidates," and its "work orders from its clients." Dkt. 102-2 at 3. Additionally, Hoppe offers his opinions on whether Visa could have placed 2,000 foreign nurses with U.S. employers—as Visa allegedly represented—and whether Visa could have had those nurses starting work within 10 to 16 months from when they were accepted into Visa's program. *See id.* Visa asks me to strike or limit Hoppe's testimony, arguing that Hoppe's expert report fails to satisfy the requirements of Federal Rule of Evidence 702.

**LEGAL STANDARD**

Rule 702 governs the admissibility of expert testimony. The rule provides that an expert witness may testify if the proponent demonstrates to the court that it is more likely than not that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

A district court must determine whether the proffered witness qualifies as an expert "by virtue of his 'knowledge, skill, experience, training, or education.'" *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009) (quoting Fed. R. Evid. 702). If the expert is qualified, the "overarching concern" becomes "whether the testimony is relevant and reliable." *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 293 (5th Cir. 2019). The party offering the expert opinion must establish admissibility by a

preponderance of the evidence. *See Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 400 (5th Cir. 2016); Fed. R. Evid. 702.

To be reliable, expert testimony must "be grounded in the methods and procedures of science and be more than unsupported speculation or subjective belief." *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (cleaned up). To be relevant, "the expert's reasoning or methodology [must] be properly applied to the facts in issue." *Id.* (quotation omitted). Expert testimony must also "assist the trier of fact to understand or determine a fact in issue." *Weiser–Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 529 (5th Cir. 2015) (quotation omitted).

I have broad discretion in deciding whether to admit expert testimony. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141–42 (1997). "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility." *Puga*, 922 F.3d at 294. A district court's role under Rule 702 "is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role—the court's role is limited to ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue so that it is appropriate for the jury's consideration." *Id.* "Cross-examination at trial, however, is the proper forum for discrediting testimony, and credibility determinations are, of course, the province of the jury." *Dearmond v. Wal-Mart La. LLC*, 335 F. App'x 442, 444 (5th Cir. 2009). "While the district court must act as a gatekeeper to exclude all irrelevant and unreliable expert testimony, the rejection of expert testimony is the exception rather than the rule." *Puga*, 922 F.3d at 294 (quotation omitted).

## ANALYSIS

Visa argues that Hoppe's testimony at trial should be stricken or limited because: (1) Hoppe is not qualified to testify as an expert; (2) his opinions are irrelevant; and (3) his opinions are unreliable. For the most part, I believe that Visa "improperly asks the Court to resolve factual disputes and assess credibility. These

matters are fodder for cross-examination, not a basis to strike any of Hoppe's testimony thereby depriving the jury of his insights and analysis." Dkt. 106 at 4. There is, however, one issue with Hoppe's testimony that I must address before trial begins.

Under Rule 702, a trial court may exclude expert testimony if it usurps the jury's role in drawing conclusions about a defendant's state of mind. *See Marlin v. Moody Nat'l Bank, N.A.*, 248 F. App'x 534, 541 (5th Cir. 2007); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992). That is because an expert's credentials "do not place him in a better position than the jury to draw conclusions about a defendant's state of mind." *Marlin*, 248 F. App'x. at 541.

In his report, Hoppe expresses, in relevant part, the following opinions:

- "Visa certainly knew [that it did not have the infrastructure, clients, or staff to perform as promised]";
- "Visa knew . . . that visa processing times would retrogress, possibly significantly, post COVID";
- "Visa knew [that Visa's representation that it had thousands of spots to fill was] false inasmuch as Ms. Brioso was in charge of the client side of Visa's business and was also interacting with Staffactory on behalf of Visa";
- "Visa must have known [that Visa had no exclusive agreements] since Kelly Brioso was in charge of both the recruitment side and the client side of Visa's business by October 2021"; and
- "Visa made a number of statements to Staffactory in October 2021 that Visa had to have known were untrue."

Dkt. 102-2 at 5, 6, 10, 11. These opinions are beyond the scope of expert testimony and improper. Hoppe may not opine on Visa's state of mind, including what he believes Visa knew. It is the jury's job to draw conclusions on Visa's knowledge. *See Marlin*, 248 F. App'x. at 541. Accordingly, Hoppe's opinions regarding Visa's purported knowledge during the events at issue are inadmissible.[1]

[1] Hoppe opines that Visa "should have known" that visa processing times would retrogress, possibly significantly, post COVID. Dkt. 102-2 at 6. That opinion, unlike the

As for Visa's remaining arguments for excluding or limiting Hoppe's testimony, they are unpersuasive.[2] Visa may challenge Hoppe's testimony through vigorous cross-examination at trial.[3] *See Dearmond*, 335 F. App'x at 444.

**CONCLUSION**

For the reasons discussed above, Visa's motion to strike or limit Hoppe's expert testimony (Dkt. 102) is granted in part and denied in part. Hoppe's opinions regarding what Visa allegedly knew are inadmissible. The remainder of his opinions may be challenged through cross-examination at trial.

SIGNED this 4th day of September 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

others, is admissible because it is Hoppe's normative opinion based on his professional experience, not a determination of Visa's state of mind.

[2] By way of example, Visa complains that Hoppe should not be permitted to testify at trial because he "has never been qualified as an expert before," "has no college degree," and "holds no certifications or specialized training in international nurse recruitment." Dkt. 102 at 8. The Fifth Circuit has squarely rejected Visa's argument, holding that "it is an abuse of discretion for a trial court to exclude expert witness testimony on the ground that the witness is not qualified to render the opinion at issue because the witness lacks a certain educational or other experiential background." *United States v. Wen Chyu Liu*, 716 F.3d 159, 167 (5th Cir. 2013) (quotation omitted). "As long as some reasonable indication of qualifications is adduced, the court may admit the evidence without abdicating its gate-keeping function. After that, qualifications become an issue for the trier of fact rather than the court in its gate-keeping capacity." *Rushing v. Kan. City S. Ry. Co.*, 185 F.3d 496, 507 (5th Cir. 1999). Given that Hoppe founded—and then led for almost 30 years—an international healthcare recruitment firm that focused the recruitment and placement of nurses from around the world, he is unquestionably qualified to testify as an expert witness at trial on the international nurse staffing industry.

[3] Staffactory attaches to its response brief a declaration from its President, Chiraz Kelly. Visa asks me to strike the declaration. Because I have not relied on the Kelly declaration to decide the instant motion, Visa's objections to the Kelly declaration are overruled as moot. *See Consortium Info. Servs., Inc. v. Nat'l Info. Servs., Inc.*, No. 3-99-cv-2509, 2001 WL 1516758, at *3 n.5 (N.D. Tex. Nov. 27, 2001) (overruling as moot objections to affidavits where none of the evidence was necessary to the disposition of pending motion).